# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| MARTIN MORRIS REDFERN,<br><br>Plaintiff,<br><br>vs.<br><br>JANET COX, DENISE McNEELEY, SYLVIA DUBUISSON, and DOES 1-10,<br><br>Defendants. | Cause No. CV 11-00049-GF-SEH-RKS<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

## I. SYNOPSIS

Defendants seek summary judgment of Mr. Redfern's Amended Complaint alleging violations of his Fifth, Eighth and Fourteenth Amendment rights by failing to calculate his sentence correctly resulting in his "gross over-incarceration."[1]  C.D. 5.  It is undisputed that Mr. Redfern never notified Defendants that his sentence was allegedly miscalculated.  Defendants were not deliberately indifferent to Mr. Redfern's constitutional rights and the motion for summary judgment should be granted.

---

[1] The First Amended Complaint C.D. 5 supercedes Mr. Redfern's original complaint. C.D. 2.  Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010).

## II. MOTION FOR SUMMARY JUDGMENT

### A. Standard

A party is entitled to summary judgment if they can demonstrate "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[2] That is, where the documentary evidence permits only one conclusion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251 (1986).

According to the newly amended Rule 56 of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

Thus, the party seeking summary judgment bears the initial burden of informing the Court of the basis of its motion and identifying those portions of the

---

[2] Rule 56 was amended, effective December 1, 2010. However, it is appropriate to rely on cases decided before the amendment took effect, as "[t]he standard for granting summary judgment remains unchanged." Fed. R. Civ. P. 56, Notes of Advisory Comm. on 2010 amendments.

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, it believes demonstrate the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

When a defendant files a properly supported motion for summary judgment, a plaintiff may not rest on their allegations alone to get to a jury without "any significant probative evidence tending to support the complaint."  Anderson, 477 U.S. at 249 quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 88 S.Ct. 1575 (1968).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-250 (internal citations omitted).

> The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict.

Anderson, 477 U.S. at 252.  "[I]f the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial."  California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987).  Only disputes over facts that might affect the outcome

of the suit under the governing law are "material" and will properly preclude entry of summary judgment. Anderson, 477 U.S. at 248.

### B. Undisputed Facts[3]

Early in 2001, Mr. Redfern was charged with four felonies. Pursuant to plea agreement, he pled guilty to criminal production or manufacture of dangerous drugs and criminal possession of dangerous drugs. C.D. 10–Statement of Undisputed Facts, ¶ 4. On November 8, 2001, Mr. Redfern was sentenced by District Court Judge Katherine R. Curtis to ten years for criminal production, five years for criminal possession, suspended, to run concurrently, and he was declared ineligible for parole until he had completed at least one-third of the ten-year sentence. C.D. 10–Statement of Undisputed Facts, ¶ 5. After Mr. Redfern arrived at Montana State Prison, his discharge date was calculated to be February 21, 2011 and he was informed of this calculation. C.D. 10–Statement of Undisputed Facts, ¶ ¶33-34.

Mr. Redfern sought post-conviction relief on several grounds, including an alleged error in imposing the parole restriction. C.D. 10–Statement of Undisputed Facts, ¶ 6. Judge Curtis granted the petition, vacated the sentence, and ordered that

---

[3]Mr. Redfern does not contest the facts set forth in Defendants' factual summary set forth in Defendants' Brief in Support of Defendants' Motion for Summary Judgement C.D. 11, pp. 4-7. C.D. 17, p. 3.

Mr. Redfern be resentenced. C.D. 10–Statement of Undisputed Facts, ¶ 7.

At a December 18, 2003 resentencing hearing, Judge Curtis "ordered Redfern committed to the Department of Corrections (DOC) for 10 years for criminal production, with 5 years suspended.  For criminal possession, the Court committed Redfern to the DOC for a consecutive 5-year term.  The Court did not reimpose the restriction on Redfern's parole eligibility. . . ."  C.D. 10–Statement of Undisputed Facts, ¶ 8 quoting State v. Redfern, 2004 MT 277, ¶ 7.

On February 18, 2004, after the district court resentenced Mr. Redfern, the Records Department calculated Mr. Redfern's discharge date to be February 19, 2011 and informed him of this calculation.  C.D. 10–Statement of Undisputed Facts, ¶¶ 35-36.

Mr. Redfern appealed to the Montana Supreme Court and challenged the new sentence on due process grounds because the new sentence was longer than the original sentence.  C.D. 10–Statement of Undisputed Facts, ¶ 15.  On October 5, 2004, the Montana Supreme Court affirmed Mr. Redfern's sentence holding that resentencing Mr. Redfern to a greater period of potential imprisonment and supervision than he received in his original sentence pursuant to a guilty plea did not violate due process.  State v. Redfern, 2004 MT 277.

On November 9, 2004, Mr. Redfern was released on parole but was returned

to Montana State Prison on November 28, 2007 due to a parole violation. C.D. 10–Statement of Undisputed Facts, ¶ 38. The Records Department again calculated Mr. Redfern's discharge date to be February 19, 2011. Mr. Redfern was again informed of this discharge date. C.D. 10–Statement of Undisputed Facts, ¶ 39.

In July 2009, the Records Department received an Order from Judge Curtis requiring the Records Department to credit Mr. Redfern with 1,031 days. C.D. 10–Statement of Undisputed Facts, ¶ 40. Defendant Cox recalculated Plaintiff's discharge date in accordance with the Order and Mr. Redfern was released from confinement on July 23, 2009. C.D. 10–Statement of Undisputed Facts, ¶¶ 44-45.

Mr. Redfern never informed the Records Department that he believed he was entitled to an additional sentence credit. C.D. 10–Statement of Undisputed Facts, ¶ 41. The Records Department and the DOC legal office had no notice of the issue until receipt of the July 2009 Order. C.D. 10–Statement of Undisputed Facts, ¶ 42.

Mr. Redfern concedes summary judgment as to Defendants Denise McNeeley and Sylvia Dubuisson. C.D. 17–Plaintiff's Response Brief, p. 1.

**C. Analysis**

While Defendants raise a number of arguments regarding whether Mr. Redfern's sentence was properly calculated, the decisive issue is whether

Defendants were deliberately indifferent to Mr. Redfern's liberty interests. Detention beyond the termination of a sentence can constitute cruel and unusual punishment in violation of the Eighth Amendment "if it is the result of 'deliberate indifference' to the prisoner's liberty interest." Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985). In Alexander v. Perrill, 916 F.2d 1392, 1393-95 (9th Cir. 1990), an inmate requested that prison officials conduct an investigation into an alleged miscalculation in his sentence resulting from failure to give credit for time served in a foreign jail. The inmate subsequently filed an action, claiming the prison officials made no effort to investigate his claims. Alexander, 916 F.2d at 1395. The inmate alleged the failure to investigate constituted deliberate indifference to his constitutional and statutory rights. Id. In reviewing the district court's denial of qualified immunity, the Ninth Circuit concluded prison officials may be liable for money damages when they have a duty to ensure the proper calculation of prison sentences, they are put on notice that a possible mistake has been made, and they undertake no investigation to determine whether the inmate's claims are meritorious. Id. at 1396, 1398; see also Haygood, 769 F.2d at 1354-55 (concluding evidence that prison officials refused to investigate a computational error after being put on notice of the error was sufficient to support a finding of liability for deliberate indifference).

If a prisoner raises factual questions about the calculation of his sentence, and the prison officials do nothing, or only go through the bare form of a response with no investigation-in one court's formulation, if they "sit on [their] duff and [don't] do anything"-then the effective denial of any meaningful opportunity to be heard can amount to a denial of due process. Alexander, 916 F.2d at 1395.

That is not what happened here. It is undisputed that Mr. Redfern never complained to any prison official about the calculation of his sentence, and never presented any evidence that his release date was miscalculated. C.D. 10–Statement of Undisputed Facts, ¶ 41. Prison officials have a duty to investigate in good faith and respond to claims by prisoners regarding sentence miscalculations. Alexander, 916 F.2d at 1398. Here, Mr. Redfern never complained about his sentence calculation. Since he did not put Defendants on notice that his sentence was miscalculated, they could not be deliberately indifferent to his liberty interests.

## III. CONCLUSION

Defendants have demonstrated there is no genuine dispute as to material facts and that they are entitled to judgment as a matter of law on Mr. Redfern's claims. The Motion for Summary Judgment should be granted.

It is **RECOMMENDED**:

1. Defendants' Motion for Summary Judgment C.D. 9 should be granted and

this matter dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Any objections must itemize each factual finding to which objection is made and must identify the evidence in the record relied upon to contradict that finding. In addition, each recommendation to which objection is made must be itemized and must set forth the authority relied upon to contradict that recommendation.

Failure to assert a relevant fact or argument in objections to these Findings and Recommendations may preclude the parties from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in

part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 30th day of March, 2012.

 /s/ Keith Strong
Keith Strong
United States Magistrate Judge